IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Esther Bradley and Ernest Bradley, | ) | Civil Action No. 2:16-cv-750-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Dollar General Corporation, d/b/a Dollar | ) | |
| General Store No. 1191, a/k/a Dolgencorp | ) | |
| LLC, a/k/a Dollar General Corporation, | ) | |
| LLC, Dolgencorp Inc., Dolgencorp LLC, | ) | |
| Dollar General Corporation, Inc., and | ) | |
| Dollar General Store No. 1191, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Dolgencorp Inc.'s, Dollar General Corporation's, Dollar General Corporation Inc.'s, and Dollar General Store No 1191's (together, "Defendants") motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 23.) For the reasons set forth below, the Court denies the motion.

**I. Background**

This case arises out of an incident that occurred at a Dollar General store in Goose Creek, South Carolina on November 8, 2012. (Dkt. No. 1-1 at 6.) Plaintiff Esther Bradley ("Mrs. Bradley") claims that she was injured when she tripped and fell while carrying her granddaughter to the restroom. (Dkt. No. 1-1 at 8.) Mrs. Bradley claims that her fall was directly and proximately caused by the negligence, recklessness, willfulness, and wantonness of the Defendants. (*Id.*) She claims she is entitled to damages for her pain and suffering, medical expenses, mental and emotional distress and injury, permanent impairment, economic loss, loss of enjoyment of life, and incidental expenses. (Dkt. No. 1-1 at 9.) Plaintiff Ernest Bradley, Mrs.

Bradley's husband, seeks damages for loss of consortium and services of his spouse. (*Id.*) Defendants have moved for summary judgment on all claims. (Dkt. No. 23.)

## II. Relevant Facts

On November 8, 2012, Mrs. Bradley was shopping in the Dollar General at 5 S. Alliance Drive, Goose Creek, South Carolina. (Dkt. No. 1-1 at 6.) According to excerpts from her deposition which have been provided to the Court, Mrs. Bradley shopped at this location "[a]ll the time." (Dkt. No. 23-2 at 2.) On November 8, as she entered the restroom hallway, her foot caught on a wire basket rack, which caused her to fall down against some stacked boxes. (Dkt. No. 1-1 at 8.) As result of her fall, Mrs. Bradley alleges that she suffered injuries to her jaw and rotator cuff. (Dkt. 23-1 at 3.) After Mrs. Bradley got up, she filled out an incident report, purchased some items, put her granddaughter in her car seat, and drove home. (Dkt. No. 23-2 at 11-12.) Ernest Bradley alleges his marital relationship suffered due to his wife's injuries. (Dkt. No. 23-1 at 3.)

In Mrs. Bradley's deposition, only portions of which have been provided to the Court, she stated that as she approached the restroom she could see "a bunch of boxes and the water fountain." (Dkt. No. 23-2 at 6.) She further stated that she "knew to step around them." (Dkt. No. 23-2 at 8.) Mrs. Bradley said that she did not know how long the boxes had been there, or who had placed them there. (Dkt. No. 23-2 at 8.) Though Mrs. Bradley stated that she saw the wire basket rack, it is unclear from the materials provided whether Mrs. Bradley was aware of the presence of the wire basket rack before or if she only noticed the wire basket rack after she fell. (Dkt. No. 23-2 at 5, 10.)

## III. Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## IV. Discussion

Mrs. Bradley alleges that she sustained severe injuries because of the negligence, recklessness, willfulness, and wantonness of the Defendants by: placing boxes and a wire basket rack in the hallway to the restrooms; failing to establish appropriate procedures to prevent such obstructions; failing to anchor the wire basket rack so that it would not obstruct the restrooms; failing to warn of the presence of obstacles; failing to keep the entrance clear of obstacles; failing to train employees; and failing to exercise the degree of care and caution necessary and reasonable under the circumstances. (Dkt. No. 1-1 at 8-9.) Defendants argue that they lacked superior knowledge of the conditions in the hallway so they had no duty to Mrs. Bradley to prevent this accident. (Dkt. No. 23-1 at 11.)

To establish a cause of action for negligence, Plaintiffs must plead facts sufficient to show that: (1) Defendants owed them a duty; (2) Defendants breached that duty through a negligent act or omission; (3) Defendants' breach was the actual or proximate cause of Plaintiffs' injuries; and (4) Plaintiffs suffered actual injury or damages. *Steinke v. S.C. Dep't. of Labor, Licensing, & Regulation*, 520 S.E.2d 142 149 (S.C. 1999). Merchants owe a duty of ordinary care to keep their "premises in a reasonably safe condition." *Denton v. Winn-Dixie Greenville, Inc.*, 439 S.E.2d 292, 293 (S.C. Ct. App. 1993). This includes a duty to "keep the aisles and passageways in a reasonably safe condition." *Moore v. Levitre*, 294 S.C. 453, 454 (1988). However, a landowner does not owe a duty to prevent harm that may be caused by "known or obvious" dangers unless the landowner should anticipate such harm. *Callander v. Charleston Doughnut Corp.*, 305 S.C. 123, 126 (1991); *Hancock v. Mid-South Management Co., Inc.*, 381 S.C. 326, 331-32 (2009) (finding that although a parking lot's state of disrepair was open and obvious, a reasonable jury could find that the landowner should have anticipated the harm);

*Creech v. South Carolina Wildlife and Marine Resources Dept.*, 328 S.C. 24, 31 (1997) (finding that even if a missing rail on a dock was open and obvious, the defendant should have anticipated the harm).

Here, viewing all facts in the light most favorable to Plaintiffs, there is a genuine issue of material fact about whether the hallway to the restroom was in a reasonably safe condition. *Moore*, 294 S.C. at 454 (holding that whether an aisle was reasonably safe when the leg of a clothing rack protruded into it is a question for the jury). Mrs. Bradley acknowledges that, before she fell, she saw mops and a jumble of "boxes stacked up" in the hallway, not all of them flush against the wall. (Dkt. No. 23-2 at 7-8.) A reasonable jury could find that the hallway was not in a reasonably safe condition due to the positioning of the boxes.

Defendants argue that because Mrs. Bradley was aware of the boxes before she fell, her damages were caused by an open and obvious danger. From the limited record provided to this Court, it is unclear if Mrs. Bradley saw the wire basket rack before or after she fell. Even if Mrs. Bradley saw some part of the wire basket rack before she fell, the danger created by the rack may not have been open and obvious to her because it was partially obstructed by the boxes.

## V. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 23) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July _10_, 2017
Charleston, South Carolina